### WESTERN DREDGING & IMPROVEMENT CO. v. HELDMAIER.

(Circuit Court of Appeals, Seventh Circuit. January 21, 1903.)

#### No. 808.

1. NEGLIGENCE—ACTION FOR DAMAGES—QUESTIONS FOR JURY.

In an action to recover for damage alleged to have been sustained by plaintiff by reason of the breaking of a temporary dam constructed by defendant, evidence as to cause of the damage and upon the question of defendant's negligence and plaintiff's contributory negligence *held* such as to require the submission of such questions to the jury.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

John M. Duffy and Wm. Thompson, for plaintiff.
Ira C. Wood, for defendant.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge. Plaintiff in error is a corporation organized under the laws of Indiana, and defendants in error are citizens of the state of Illinois. Both were at the time of the happening of the events out of which the action in the Circuit Court grew, contractors on the drainage canal in the Sanitary District of Chicago. The action was brought to recover damages resulting from the breaking of a dam, constructed by and upon the work of the defendant in error, whereby the work being performed by the plaintiff in error was overflown and submerged; the averment being that the dam had been negligently and unskillfully constructed, and of not sufficient strength to resist the pressure of water against it. Negligence was denied by defendant in error, and contributory negligence charged upon the plaintiff in error.

The case was tried to a jury, but at the conclusion of the evidence, on motion of defendant in error, the jury was instructed to return a verdict for the defendant, and upon this verdict was entered the judgment, which this writ of error is brought to reverse.

Both contracts were located in or near the old channel of the Desplaines River, from which the water had been diverted by a chan-

nel beginning above both, and rejoining the old channel at a point below. A wier, put in above the point where the diverting channel came into the old channel, had backed the water well up into the bed of the old channel. To obviate the trouble thus occasioned, defendant in error had erected the dam complained of, and pumping the water from above the dam, thus procured a dry channel above, on which to carry on his work.

The plaintiff in error was engaged at that time at a point above the defendant in error, and outside the river bed, and was protected, for the time, from the back water by a natural barrier. But when the defendant in error built his dam, and thus drew the water from the river bed above, the plaintiff in error, seeking to utilize the result thus obtained, cut a slit into its barrier, for the more expeditious carrying on of its work.

The wall of water, pressing from below against the dam of defendant in error, was four or five feet high, and there was proof in the case tending to show that when the dam broke, this column of water was thrown suddenly against plaintiff in error's barrier. But for this—it is claimed—the barrier would not have broken, or the damage complained of ensued.

In our judgment it is fairly questionable from the testimony, whether the damage was caused by the force of the water coming on as a column, or whether it would have occurred had the water come up to plaintiff in error's barrier in the ordinary currents of back water. For damage occasioned by the ordinary currents of back water, plaintiff in error would, perhaps, have no remedy; but against damage caused by the water being thrown upon their work in a column, occasioned by the breaking of the dam, a right of action would arise, provided the dam was negligently and unskillfully constructed, and plaintiff in error was not guilty of contributory negligence.

There was evidence in the case tending to show that the soil where the dam was erected, was not adapted to work of that kind; that it was a soft and slippery muck; that the dam was constructed by building across the channel a trestle, and then taking up this muck and dropping it on the sides of the trestles; that no interlacing timbers were used; or other precautions taken against the inherent weakness of such a dam. Whether, taking into consideration the fact that the dam was necessarily temporary, this was negligent and unskillful construction, and whether plaintiff in error was, in reference thereto, guilty of contributory negligence in the cutting of the slit in its barrier, are questions of fact, or of mixed law and fact, that ought in our judgment, to have been submitted to the jury.

We are of the opinion, therefore, that the court erred in taking the case from the jury, and that the judgment entered on such direction must be reversed, with instructions to grant a new trial.